UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALLEN ISRAEL,

                              Plaintiff,

                                                  DECISION AND ORDER

                                                  15-CV-6424L

                 v.

MARK BRADT, Superintendent Attica
Correctional Facility, et al.,

                              Defendants.

_____

        Plaintiff, Allen Israel, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), brought this action against a number of DOCCS

employees, alleging that they violated his rights under the United States Constitution in a number

of respects.

        On September 28, 2015, the Court *sua sponte* dismissed plaintiff's claims against all the

defendants, except for his due process claim against defendant Michelle Artus.  (Dkt. #3.)  Artus

has now moved for summary judgment.  (Dkt. #6).

### DISCUSSION

        The relevant facts are straightforward.  In November 2012, plaintiff was given a random

urinalysis, and he tested positive for the drug Buprenorphine.  As a result, he was charged with a

violation.

        A Tier III disciplinary hearing was held on the charge in December 2012.  Artus was the

hearing officer.  She found defendant guilty of drug use.  Plaintiff was sentenced to two months'

keeplock and loss of good time and privileges.

On administrative appeal, the disposition was affirmed.  Plaintiff then filed an Article 78 proceeding in state court, challenging the administrative determination.  Because DOCCS indicated that it was unable to produce a hearing transcript, and since plaintiff had already served his entire two-month sentence, the state court reversed the disciplinary disposition, ordered the hearing record expunged, and directed that plaintiff's good-time credits be restored.  Artus Decl. (Dkt. #6-3) Ex. 20.

Plaintiff then filed this civil rights suit.  Alleging certain improprieties in connection with his hearing, plaintiff alleges that his rights to both substantive and procedural due process have been violated.

As the Court of Appeals for the Second Circuit has recently explained, however, "to maintain either claim, [plaintiff] must plausibly allege a protected liberty interest ... ." *Baez v. Pinker*, __ Fed.Appx. __, 2016 WL 7177663, at *1 (2d Cir. Dec. 8, 2016) (citing *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (substantive due process); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571-72 (1972) (procedural due process)).  He has not done so.

To establish a constitutionally protected liberty interest triggering due process concerns, plaintiff must show that he was subjected to an ""atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  In determining whether that standard has been met, the court must consider both the duration and the conditions of a prisoner's confinement. *O'Diah v. Artus*, No. 10-CV-6705, 2013 WL 1681834, at *1 (W.D.N.Y. Apr. 17, 2013).  "Although not the only factor to be considered, the duration of a disciplinary keeplock confinement remains significant under *Sandin*, 515 U.S. at 484." *Chavis v. Chappius*, No. 06-CV-543, 2015 WL 1472117, at *14 (W.D.N.Y. Mar. 31, 2015) (internal quote omitted).

In line with Second Circuit precedent, district courts within this circuit have repeatedly held that sentences of the length imposed here–two months–do not, absent some unusually harsh conditions, implicate a protected liberty interest. *See*, *e.g.*, *Vogelfang v. Capra*, 889 F.Supp.2d

489, 511 (S.D.N.Y. 2012) (60 days of keeplock confinement after a hearing that was later found to be defective "failed to demonstrate a liberty interest entitling [the plaintiff] to due process"); *Principio v. McGinnis*, No. 05-CV-0856, 2007 WL 2344872, at *2 (W.D.N.Y. Aug. 15, 2007) (60 days in "keeplock with loss of telephone, packages, recreation and conjugal visits" did not constitute atypical sentence or unusual conditions that rose "above the *Sandin* threshold"); *Sales v. Barizone*, 03 Civ. 6691, 2004 WL 2781752, at *7 (S.D.N.Y. Dec. 2, 2004) (two months' confinement in the SHU cannot survive the *Sandin* test absent further allegations). *See also Williams v. Goord*, 111 F. Supp. 2d 280, 289 (S.D.N.Y. 2000) (75 days in solitary confinement "generally does not impose an atypical and significant hardship because it remains within the normal range of prison custody).

In the case at bar, plaintiff alleges that while in keeplock, he was confined to his cell 23 hours a day, that he lost certain privileges (such as commissary, telephone and visitation privileges), and that whenever he was allowed to leave his cell, he was placed in shackles. Complaint (Dkt. #1) at 8, ¶ 30. There is no indication that those restrictions are anything other than typical concomitants of keeplock, and they do not, in the context of plaintiff's two-month sentence, give rise to a protected liberty interest. *See Jabot v. Correction Officer Minor*, No. 13-CV-1407, 2016 WL 5322113, at *9 (N.D.N.Y. July 15, 2016) ("While Plaintiff's conditions of confinement are certainly more restrictive than those in general population, they are insufficient to implicate a liberty interest, even when coupled with Plaintiff's 200 days confined to the SHU"); *Smart v. Goord*, 441 F. Supp.2d 631, 640 (S.D.N.Y. 2006) (loss of phone, packages, and commissary privileges does not give rise to a protected liberty interest).

This finding is enough, alone, to warrant granting defendant's motion. I also note, however, that plaintiff's claims are meritless in any event.

Plaintiff alleges that at the hearing, he was denied certain evidence that he had requested, relating to the handling and testing of urine specimens, including documents showing what substances could cause a false positive result. Even assuming that such documents existed, I find

that defendant's denial of plaintiff's request did not implicate any federal constitutional concerns. *See Eleby v. Selsky*, 682 F.Supp.2d 289, 292 (W.D.N.Y. 2010) ("prison inmates have no general constitutional right to documents relating to drug testing procedures").

Furthermore, plaintiff has not demonstrated any prejudice from the denial of these documents. The record shows that plaintiff was permitted to cross-examine the relevant witness about the methods and procedures used, and that he did not pursue that matter to any extent. Plaintiff has simply failed to show how he was prejudiced by this ruling. He has not shown what he would have done differently had he been given those documents, or how the outcome of the hearing would likely have been different.

Plaintiff also alleges that the DOCCS officers and employees involved in his disciplinary proceedings failed to follow proper procedures to establish the chain of custody of his urine sample. While there is some case law indicating that "the due process clause requires a disciplinary body to establish a reasonably reliable chain of custody of the urine sample," *Rivera v. Wohlrab*, 232 F.Supp.2d 117, 124 (S.D.N.Y. 2002), in the case at bar plaintiff has alleged, at most, minor noncompliance with certain state-imposed regulatory procedures.

It is well established, however, that "it is federal constitutional standards, not state law or regulations, that define the requirements of procedural due process." *Johnson v. Goord*, 487 F.Supp.2d 377, 385 (S.D.N.Y. 2007) (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n. 1 (2d Cir. 1990)), *aff'd*, 305 Fed.Appx. 815 (2d Cir. 2009). The matters raised by plaintiff here do not rise to a constitutional level. The testimony and evidence at the hearing well documented how plaintiff's urine sample was handled and analyzed, and that evidence did not show that the results of the drug test were untrustworthy, much less that they were so unreliable that plaintiff's due process rights were violated. There is simply no basis here for a due process claim.

**CONCLUSION**

Defendant's motion for summary judgment (Dkt. #6) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
          January 9, 2017.